UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VIRGINIA GARWOOD AND KRISTEN GARWOOD, <br> Plaintiffs, <br><br> v. <br><br> STATE OF INDIANA, et al., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 4:11-cv-00072-TWP-DML <br> ) <br> ) <br> ) |

## FIRST AMENDED COMPLAINT FOR DAMAGES

### INTRODUCTION

This action arises out of the Defendants' conspiracy to deprive Virginia Garwood and Kristen Garwood of their property. The causes of action brought are (1) violation of 42 U.S.C. §1983 (due process and equal protection clauses); (2) violation of 42 U.S.C. §1985(3) (conspiracy); (3) malicious prosecution; (4) intentional infliction of emotional distress; (5) conversion; and (6) defamation.

### PARTIES

1. Plaintiff Virginia Garwood is a resident of Harrison County, Indiana.

2. Plaintiff Kristen Garwood is a resident of Harrison County, Indiana.

3. In the years 2008 and 2009 Virginia Garwood bred and raised dogs at her personal residence.

4. The relevant events described in this Complaint occurred in Harrison County, Indiana.

5. Defendant Greg Zoeller, sued in his individual and official capacities, is the Attorney General for Defendant State of Indiana.

6. Defendants Michael Smith, Michael Ward, Andrew Swain, Kristen Kemp, Paige Boggs, Katherine Erbeznick, Helder Pinto, Tammy Somers, Richard Walton, Jennifer

1

Galeziewski, Matthew Broadwell, Scott Sunderman, Adrienne Eagen and Todd Vansickle, sued in their individual and official capacities, are employees or former employees of the Attorney General for Defendant State of Indiana.

7. Defendant John Eckert, sued in his individual and official capacity, is the Commissioner of the Defendant Indiana Department of State Revenue, a department of Defendant State of Indiana.

8. Defendants Jack Davis, Jeffrey Coulter and Douglas Klitzke, Laura Rakaska, and Melody Poe sued in their individual and official capacities, are employees of the Defendant Indiana Department of State Revenue.

9. Defendant Linda Lawson is a citizen of Indiana who serves in the Indiana House of Representatives.

10. Defendant The Humane Society of the United States is a tax exempt corporation incorporated in Washington D.C., and has an office located in Bloomington, Indiana.

11. Defendant Anne Sterling is the Director of Defendant The Humane Society of the United States in Indiana and resides in Bloomington, Indiana.

12. Defendants Scotlund Haisley and Jordon Crump are employees or former employees of Defendant The Humane Society of the United States.

13. Defendant Michael Staub is a veterinarian who resides in Terre Haute, Indiana.

14. Defendant Lauren Bowling is a veterinarian who resides in Bloomington, Indiana.

15. Defendant Rachel Jones is a veterinarian who resides in Valparaiso, Indiana.

16. Defendant Amy Krauss is a veterinarian who resides in Bloomington, Indiana.

17. Defendant The Humane Society of Missouri is a corporation headquartered in St. Louis, Missouri and acted via seven of its Defendant Unnamed Representatives A-G.

18. Defendants Candice Staub, Terri Scott and Nadine Allee are representatives of either Defendant The Humane Society of the United States and/or Defendant The Humane Society of Missouri.

19. Defendant Bruce LaHue is the Animal Control Officer for Defendant Harrison County, Indiana and Harrison County, Indiana ("Harrison County") and resides in Harrison County, Indiana.

20. Defendant Lisa Marie Pittman resides in Harrison County, Indiana.

21. Defendant Jennifer Carnes resides in the State of Kentucky.

22. Defendants Shannon Burton, Travis Baker, G.W. Jessee, N.H. Teusch, Shawn Clemons, J.J. Noel, and Scott Stewart, and Defendant Indiana State Police Officers A-F sued in their individual and official capacities are employees of the Defendant Indiana State Police and/or Defendant State of Indiana.

## GENERAL ALLEGATIONS

23. In 2007 Virginia sold two puppies from a litter belonging to a farm dog and gave away the remainder of the puppies. Virginia also purchased a pregnant cocker spaniel, and sold four cockapoo puppies. Virginia's total income from the sale of puppies in 2007 was $550.00.

24. Beginning in 2008 Virginia began to sell small breed, toy breed, and toy breed mixed puppies from her residence. For the majority of 2008 Virginia purchased these puppies from a breeder and then sold them to the public. She acquired from a breeder and sold approximately 52 puppies in 2008.

25. Late in 2008 and in the first half of 2009 Virginia began selling small breed, toy breed, and toy breed mixed puppies from her residence that had been born at her residence. These dogs were not acquired for the purposes of resale but were produced on her property.

26. Virginia also rescued adult dogs that had served as another breeder's breeding stock, she sold some of those dogs with all proceeds going to their former owner and the remainder of the dogs either being maintained at her residence or given away. Virginia had no income from placing the rescued dogs.

27. Virginia reported the sale of puppies to her income tax advisor. Her income tax advisor did not advise Virginia that she should be paying sales tax on the sale of puppies.

28. Virginia reported profits from the sale of puppies on her 2008 and 2009 federal and state income tax returns. She later amended her returns to include additional income from puppy sales after a review of records.

29. On June 2, 2009 the Defendants, including but not limited to, representatives of the Indiana Department of State Revenue, in conjunction with representatives of the Indiana Attorney Generals office, the Indiana State Police, a member of Indiana's House of Representatives, and representatives of corporations engaged in "animal rights" activities, raided Virginia's property armed with a search warrant that had been issued in Marion County, Indiana for the seizure of records, monies, dogs and puppies.

30. These government representatives and private individuals seized cash, documents, uncashed checks, and over 240 dogs and puppies from Virginia's property.

31. The dogs that were seized included spayed and neutered housepets belonging to Virginia and a cocker spaniel and her litter that were kept as housepets by Kristen.

32. The seizure was performed under the auspices of a jeopardy tax assessment, under which the Defendant Indiana Department of State Revenue claimed that Virginia and her daughter Kristen Garwood each owed $142,367.94 in taxes plus penalties and interest.

33. The Defendant Indiana Department of State Revenue claimed that the amount of taxes was based on Virginia having sold 100 dogs a month for $300 a dog for the years 2007, 2008 and half of 2009, for income of approximately $400,000.00 per year.

34. The basis for this calculation was very sparse, generic information that was taken from the Internet as well as misinformation provided by Defendant Lahue, Defendant Pittman, and Defendant Carnes.

35. The day following the raid and seizure, the Defendant Indiana Department of State Revenue sold the 240 dogs and puppies to the Humane Society of the United States for a total of $300.00, regardless of the fact that they had valued the sales of dogs for tax assessment purposes at $300.00 each.

36. The purpose of the raid on Virginia's home was not to collect taxes but rather to be recognized as "busting a puppy mill."

37. Following the raid, seizure and levy the Garwoods requested a hearing with the Defendant Indiana Department of State Revenue on June 10, 2009, but their request was denied on June 22, 2009, forcing them to bring an action in Indiana Tax Court. To date, the Garwoods have never received a hearing as to what taxes might be due or the value of the property seized from Virginia on June 2, 2009.

38. Virginia and Kristen have never been charged with cruelty to their dogs or any other animals. The dogs had large outdoor kennels, shelter, shade, fresh food and water, clean bedding, veterinary care, vaccinations, and were wormed. The dogs and puppies removed from Virginia's property were in good condition, were friendly and well socialized, and most were purchased immediately from various animal shelters following the raid.

39. Presently, Defendant Indiana Department of State Revenue is attempting to pursue additional assets from the Garwoods to satisfy the alleged tax debt, a debt which has been

challenged and is being litigated in Indiana Tax Court. In addition, the Garwoods are also challenging the value the Defendant Indiana Department of State Revenue placed on the dogs ($300 for 240 dogs and puppies) versus their actual value, which is approximated to be $122,000.00.

40. As a result of the raid on June 2, 2009 the Garwoods have been described as operating a "puppy mill" and have been subjected to public ridicule and harassment.

## CLAIMS

**A. §1983 Violation of the 14th Amendment-Due Process Clause, As to Defendants Zoeller, Smith, Ward, Swain, Kemp, Boggs, Erbeznick, Pinto, Somers, Walton, Galeziewski, Broadwell, Sunderman, Eagen, Vansickle, Eckert, Davis, Klitzke, Rakaska, Poe and Coulter, Lawson, The Humane Society of the United States, Sterling, Haisley, Crump, Michael Staub, Bowling, Jones, Krause, Humane Society of Missouri, its Unnamed Representatives A-G, Candice Staub, Scott, Allee, LaHue, Harrison County, Burton, Baker, Jessee, Teusch, Clemons, Noel, Stewart and Unnamed Indiana State Police Officers A-F.**

41. The Garwoods repeat and reallege and incorporate by reference the allegations in paragraphs 1 through 40 above.

42. At all relevant times, the Garwoods had a right under the due process clause of the Federal Constitution not to be deprived of their constitutionally protected interest in their property.

43. At all relevant times, these Defendants were state actors.

44. A Jeopardy assessment against the Garwoods was prepared by Laura Rakaska and Melody Poe.

45. The jeopardy assessment was based on information that was known or should have been known to be false.

46. The request for a search warrant was based on information that was known or should have been known to be false.

47. It was the practice and policy of Defendant Harrison County Board of Commissioners to allow its animal control officer to provide information known or that should have been known to be false.

48. These Defendants entered Virginia's real property and took possession of and levied property belonging the Garwoods based upon the assessment and the warrant, denying them due process.

49. The Garwoods were further denied due process of law when Defendant Douglas Klitzke of the Defendant Indiana Department of State Revenue refused to allow a prompt and meaningful post-deprivation hearing as requested by the Garwoods.

50. Acting under the color of law, these Defendants denied the Garwoods' Fourth and Fourteenth Amendment rights under the United States Constitution by seeking and obtaining court orders based on misrepresentations, by seizing and levying the Garwoods' property based upon those orders, and by denying the Garwoods a post-deprivation hearing.

51. As a result of these Defendants' concerted unlawful conduct, the Garwoods were harmed.

WHEREFORE the Garwoods demand judgment for the violation of their civil rights against these Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus the costs of this action, including their attorney fees, and all other appropriate relief.

**B.     §1983 Violation of the 14th Amendment- Equal Protection Clause As to Defendants Zoeller, Smith, Ward, Swain, Kemp, Boggs, Erbeznick, Pinto, Somers, Walton, Galeziewski, Broadwell, Sunderman, Eagen, Vansickle, Eckert, Davis, Klitzke, Rakaska, Poe and Coulter, Lawson, The Humane Society of the United States, Sterling, Haisley, Crump, Michael Staub, Bowling, Jones, Krause, Humane Society of Missouri, its Unnamed Representatives A-G, Candice Staub, Scott, Allee, LaHue, Harrison County, Burton, Baker, Jessee, Teusch, Clemons, Noel, Stewart and Unnamed Indiana State Police Officers A-F.**

52. The Garwoods repeat and reallege and incorporate by reference the allegations in paragraphs 1 through 50 above.

53. At all relevant times, the Garwoods had a right under the equal protection clause of the state and federal constitutions not to be deprived of their constitutionally protected interest in their property.

54. At all relevant times, these Defendants were state actors.

55. The Garwoods were targeted by these Defendants because they were breeders of companion animals.

56. The Garwoods have been intentionally singled out from other individuals who are similarly situated for disparate treatment, and there is no rational basis for the difference in treatment.

57. It was the practice and policy of Defendant Harrison County Board of Commissioners to allow its animal control officers to target breeders of companion animals and to single out certain breeders for disparate treatment with no rational basis for said differential treatment.

58. Acting under the color of law, these Defendants denied the Garwoods' Fourth and Fourteenth Amendment rights under the United States Constitution by targeting the Garwoods due to their status as dog breeders and by singling them out for disparate treatment from other individuals who are similarly situated.

59. As a result of these Defendants' concerted unlawful conduct, the Garwoods were harmed.

WHEREFORE the Garwoods demand judgment for the violation of their civil rights against these Defendants, jointly and severally, for actual, general, special, compensatory, and

punitive damages, plus the costs of this action, including their attorney fees, and all other appropriate relief.

  C. **§§1983 and 1985 Conspiracy As to Defendants Zoeller, Smith, Ward, Swain, Kemp, Boggs, Erbeznick, Pinto, Somers, Walton, Galeziewski, Broadwell, Sunderman, Eagen, Vansickle, Eckert, Davis, Klitzke, Rakaska, Poe and Coulter, Lawson, The Humane Society of the United States, Sterling, Haisley, Crump, Michael Staub, Bowling, Jones, Krause, Humane Society of Missouri, its Unnamed Representatives A-G, Candice Staub, Scott, Allee, LaHue, Harrison County, Burton, Baker, Jessee, Teusch, Clemons, Noel, Stewart and Unnamed Indiana State Police Officers A-F.**

  60. The Garwoods repeat and reallege and incorporate by reference the allegations in paragraphs 1 through 58 above.

  61. These Defendants conspired in order to deprive the Garwoods of their Constitutional rights;

  62. The practices and policies of Defendant Harrison County, as they applied to its animal control officers, caused Defendant LaHue to join in the conspiracy.

  63. These Defendants each committed an overt act or acts in furtherance of the conspiracy;

  64. As a result of these Defendants' concerted unlawful conduct, the Garwoods were harmed.

  WHEREFORE the Garwoods demand judgment for the violation of their civil rights against these Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus the costs of this action, including their attorney fees, and all other appropriate relief.

  D. **Intentional Infliction of Emotional Distress as to Defendants State of Indiana, Indiana Department of State Revenue, Zoeller, Lawson, The Humane Society of the United States, Sterling, Haisley, Crump, Michael Staub, Bowling, Jones, Krause, Humane Society of Missouri and its Unnamed Representatives A-G, Candice Staub, Scott, Allee, Pittman, Carnes, Indiana State Police and Harrison County**

64. The Garwoods repeat and reallege and incorporate by reference the allegations in paragraphs 1 through 63 above.

65. The Defendants intentionally and deliberately inflicted emotional distress on the Garwoods by interfering with their civil rights and conspiring against them.

66. The Defendants' conduct was extreme and outrageous.

67. The emotional distress suffered by the Garwoods is severe.

68. As a result of the Defendants' extreme and outrageous conduct, the Garwoods have suffered and with a high degree of likelihood will continue to suffer mental pain and anguish, embarrassment, humiliation and severe emotional trauma.

WHEREFORE, the Garwoods demand judgment against these Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus the costs of this action and all other appropriate relief.

**E. Conversion As to Defendants State of Indiana, Indiana Department of State Revenue, Zoeller, Lawson, The Humane Society of the United States, Sterling, Haisley, Crump, Michael Staub, Bowling, Jones, Krause, Humane Society of Missouri and its Unnamed Representatives A-G, Candice Staub, Scott, Allee, Indiana State Police and Harrison County**

69. The Garwoods repeat and reallege and incorporate by reference the allegations in paragraphs 1 through 68 above.

70. These Defendants knowingly and/or intentionally exerted unauthorized control over the Garwoods' property.

71. This unauthorized control operated as a conversion of the Garwoods' property.

72. The Garwoods were damaged as a result of the conversion.

WHEREFORE, the Garwoods demand judgment against these Defendants, jointly and severally, for actual, general, special, treble, compensatory, and punitive damages, plus the costs of this action including attorney fees and all other appropriate relief.

**F. Defamation As to Defendants State of Indiana, Indiana Department of State Revenue, Zoeller, Lawson, Sterling, The Humane Society of the United States, Haisley, Crump and Harrison County**

73. The Garwoods repeat and reallege and incorporate by reference the allegations in paragraphs 1 through 72 above.

74. Within one week of the raid, Defendant Zoeller stated to the news media, who published his statements in writing, that the conditions on Virginia's property were squalid and accused the Garwoods of not selling healthy animals. In December of 2010 Defendant Zoeller further stated to the news media, who published his statement in writing, that the dog breeders targeted by his office are "scam artists." Defendant Zoeller also made a public statement on the radio implicating the Garwoods as puppy mill operators.

75. Within the week after the raid Defendant Lawson stated to the news media, who published her statements in writing, that the living conditions for the Garwoods' dogs were "absolutely, positively" animal cruelty, that some of the dogs were "covered in feces" and had nails that were ½ inch to ¾ inches long, that they were matted so that they could "barely walk," had sores in their eyes, and that their drinking water was "yellow and nasty."

76. Within the week after the raid Defendant Sterling, who is employed by Defendant The Humane Society of the United States, stated to the news media, who published her statements in written format, that the Garwoods' dogs were neglected, referred to the Garwoods as operating a cruel puppy mill where the animals are a cash crop, the female dogs are always pregnant and are bred continuously in poor conditions, and that it was not possible for 1-3 people to take care of the dogs.

77. Defendant The Humane Society of the United States has placed a video of the June 2, 2009 on youtube.com for viewing by the general public, in which several untruthful

comments are made by Defendants Haisley and Defendant Sterling concerning the conditions of the Garwoods' animals.

78. These statements, published verbally and in writing to the public, are false.

79. These statements are understood as concerning the Garwoods.

80. These statements tend to harm the Garwoods' reputation and the Garwoods have been damaged as a result.

WHEREFORE, the Garwoods demand judgment against these Defendants, jointly and severally, for actual, general, special, compensatory, and punitive damages, plus the costs of this action and all other appropriate relief.

## JURY TRIAL DEMAND

Come now the Plaintiffs Virginia and Kristen Garwood and hereby demand trial by jury.

/s/ Stacy K. Newton
Stacy K. Newton
Attorney Number: 19438-49
**RUDOLPH, FINE, PORTER & JOHNSON, LLP**
221 NW Fifth Street
P. O. Box 1507
Evansville, Indiana 47706-1507
E-mail: skn@rfpj.com
Telephone: 812.422.9444
Facsimile: 812.421.7459
Attorneys for Plaintiffs, Virginia Garwood and Kristen Garwood

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2011, a copy of the forgoing Amended Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

Robert Keen, Jr.
Jeremy Michael Dilts
**CARSON BOXBERGER, LLP**
keen@carsonboxberger.com
dilts@carsonboxberger.com

R. Jeffrey Lowe
**KIGHTLINGER & GRAY, LLP**
jlowe@k-glaw.com

Peter J. Sewell
**SEWELL O'BRIEN & NEAL, PLLC**
psewell@sonlegal.com

Gordon D. Ingle
Brandon Smith
John L. Smith
Raza Justin Davis
**FAITH INGLE SMITH LLC**
gdilaw@yahoo.com
bsmith@faithinglesmith.com
jsmith@faithinglesmith.com
rdavis@faithinglesmith.com

David A. Arthur
Cory Christian Voight
Scott Leroy Barnhart
**OFFICE OF INDIANA ATTORNEY GENERAL**
David.Arthur@atg.in.gov
cory.voight@atg.in.gov
scott.barnhart@atg.in.gov

Stanley O. Faith
**STAN FAITH LAW OFFICE**
staff@stanfaith.com

*/s/ Stacy K. Newton*
Stacy K. Newton