UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VIRGINIA GARWOOD, and <br> KRISTEN GARWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF INDIANA, *et al.*, <br><br> Defendants. | Case No.: 4:11-cv-0072-TWP-DML |

## ENTRY ON PLAINTIFFS' MOTION TO REMAND

This matter is before the Court on Plaintiffs' Motion to Remand. On May 16, 2011, Plaintiffs Virginia and Kristen Garwood ("Plaintiffs") filed a complaint in Harrison County Circuit Court against 46 Defendants (collectively, "Defendants") based on Defendants' alleged "conspiracy to deprive [Plaintiffs] of their property." (Dkt. 1-9 at 5). Plaintiffs' complaint brings a range of state and federal claims, including: (1) violations of 42 U.S.C. § 1983 (due process and equal protection); (2) violation of 42 U.S.C. § 1985(3) (conspiracy); (3) malicious prosecution; (4) intentional infliction of emotional distress; (5) conversion; and (6) defamation. On June 17, 2011, a group of Defendants (also referred to as "Defendants" for purposes of this entry) removed this action to federal court in light of Plaintiffs' federal claims. *See* 28 U.S.C. § 1331 ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. §§ 1343, 1441(b).

Although there are 46 Defendants in this case, only one matters for purposes of the present motion: Defendant Lisa Marie Pittman ("Pittman"), who has not consented in writing to removal of this action. Through the present order, the Court must determine if Pittman's failure

to consent warrants remand. For the reasons set forth below, Plaintiffs' Motion to Remand (Dkt. 12) is **GRANTED**.

### DISCUSSION

Valid removal generally requires the unanimous consent of *all* defendants within the 30-day period provided by 28 U.S.C. §1446. *Pettit v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010). In order to "join" the petition for removal, all defendants must support it in writing or explain why written support is unnecessary. *See Boruff v. Transervice*, 2011 WL 1296675, at *2-3 (N.D. Ind. March 30, 2011) (citations omitted). Failure to do so is a "defect in the removal procedure" within the meaning of 29 U.S.C. §1447(c). *Stermon v. Tseten*, 2006 WL 1722282, at *1 (S.D. Ill. June 20, 2006) (citation omitted; "a notice of removal is facially defective if it is not joined by *all* defendants or fails to explain why all defendants have not consented").

But this rule is not iron-clad. The Seventh Circuit recognizes four exceptions to the requirement that all defendants join in a notice of removal. S*ee Boruff*, 2011 WL 1296675, at *2-3 (explaining standards applicable to all four exceptions). Here, Defendants argue that the "nominal party" exception applies, thus making their notice of removal adequate.[1]

On this point, it is well-established that nominal parties need not join in a notice of removal. *Id*. at *2 (citation omitted). The Seventh Circuit has stated that a defendant is nominal if there is "no reasonable basis for predicting that [she] will be held liable." *Id*. at *2 (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)). In other words, a nominal party is not a real party in interest because it has no interest in the subject matter being litigated. *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1062 (S.D. Ill. 2006) (citations omitted); *see also Shaw*, 994

---

[1] In their notice of removal, Defendants suggested that the "separate and independent" exception applied. That is, "a co-defendant against whom 'separate and independent' claims are brought need not join in a notice for removal." *Boruff*, 2011 WL 1296675, at *3. However, Defendants seemingly waived this argument by failing to address it in their response brief.

F.2d at 369 (parent company was a nominal party because no independent allegations of wrongdoing were directed at that entity). Here, Plaintiffs only stated a state law claim for intentional infliction of emotional distress ("IIED") against Pittman. The crux of Plaintiffs' claim is that Pittman deliberately provided misinformation to the Indiana Department of State Revenue or Attorney General investigators, resulting in the assessment of excessive sales taxes and the wrongful taking of their property.

So, given this backdrop, is Pittman a nominal party? Based on this allegation, the Court simply cannot find that she is. In the Court's view, purposefully providing misinformation about someone else to the entity responsible for administering the State's tax laws could potentially constitute "outrageous" conduct, thus leading to serious mental distress, for purposes of an IIED claim.

On this point, it is also worth noting that Defendants urge the Court to view the present motion through a 12(b)(6) prism, in hopes that the Court will find that Plaintiffs failed to state a claim against Pittman.[2] However, this does not appear to be the operative standard for ruling on a motion to remand in the context of the "nominal party" exception. For instance, the Seventh Circuit has acknowledged that, under the similar "fraudulent joinder" standard,[3] "some courts, including district courts within this circuit, have suggested that the burden is <u>even more favorable to the plaintiff</u> than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (emphasis added; citing *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th

---

[2] To bolster the notion that Pittman's actions were not sufficiently outrageous for a viable IIED claim, Defendants summarize a range of Indiana Court of Appeals cases that ostensibly support their position. Tellingly, however, nearly all of the cited cases were decided on summary judgment.

[3] Under the doctrine of fraudulent joinder, federal courts are entitled to ignore the citizenship of a defendant for diversity purposes when there is no "reasonable possibility that a state court would rule against the non-diverse defendant" on the claims asserted against him. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

Cir.1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (noting that a Rule 12(b)(6) inquiry "is more searching than that permissible when a party makes a claim of fraudulent joinder"); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006)).

Thus, without analyzing how a court should rule if Pittman files a 12(b)(6) motion,[4] the Court finds that Pittman is more than a nominal party. *See Batoff*, 977 F.2d at 852 (district court erred by converting a jurisdictional inquiry into a motion to dismiss; "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted"). Given these unique circumstances, the Court finds that remand is appropriate. *See People of the State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982) ("the removal statute should be construed narrowly and against removal").

Finally, the fact that Plaintiffs ultimately pled guilty to tax evasion is not a game-changer for purposes of the present motion. Defendants argue as follows:

> Rather than challenge the criminal charges on the basis that the seizure was premised on a faulty search warrant supported by misinformation, the Garwoods pled guilty and admitted to committing crimes. It follows then that conduct – the providing of information – that allegedly served as a basis for the initial seizure and criminal charges cannot reasonably be said to constitute extreme and outrageous behavior that caused the Plaintiffs severe emotional distress.

(Dkt. 19 at 6). The Court is not persuaded. A guilty plea does not change Plaintiffs' overarching allegations against Pittman: that she purposefully furnished *misleading* information to the Indiana Department of State Revenue. More generally, a searching examination of the relevancy of the guilty plea – which Plaintiffs claim is completely irrelevant – is best left for another day.

---

[4]Indeed, on September 13, 2011, Pittman filed a Motion to Dismiss in this case. To put it charitably, her one-paragraph motion is lacking, merely stating in a most conclusory fashion that "Plaintiff has failed ... to state a claim upon which relief can be granted." (Dkt. 41 at 1).

## **CONCLUSION**

Given Pittman's failure to consent and Defendants' failure to show that Pittman is a nominal party, this case must be remanded. Plaintiffs' Motion to Remand (Dkt. 12) is **GRANTED**, and this case is **REMANDED** to the Harrison County Circuit Court. In light of this decision, the outstanding motions in this action are **DENIED** as moot.

SO ORDERED.

DATE: 10/11/2011

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

DISTRIBUTION:

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Scott Leroy Barnhart
INDIANA OFFICE OF THE ATTORNEY GENERAL
scott.barnhart@atg.in.gov

Raza Justin Davis
FAITH INGLE SMITH, LLC
rdavis@faithinglesmith.com

Jeremy Michael Dilts
CARSON BOXBERGER
dilts@carsonboxberger.com

Stanley O. Faith
staff@stanfaith.com

Gordon D. Ingle
FAITH INGLE SMITH LLC
gdilaw@faithinglesmith.com

Robert T. Keen Jr.
CARSON BOXBERGER LLP
keen@carsonboxberger.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Stacy K. Newton
RUDOLPH FINE PORTER & JOHNSON
skn@rfpj.com

Peter J. Sewell
SEWELL O'BRIEN & NEAL, PLLC
psewell@sonlegal.com

Brandon W. Smith
FAITH INGLE SMITH LLC
bsmith@faithinglesmith.com

John L. Smith
FAITH INGLE SMITH LLC
jsmith@faithinglesmith.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov